The Honorable James L. Robart

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, a Delaware Company, KONINKLIJKE PHILIPS N.V., a Company of the Netherlands, and PHILIPS INDIA, LTD., an Indian Company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SUMMIT IMAGING INC., a Washington Corporation; LAWRENCE R NGUYEN, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-01745-JLR<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    **PURPOSES AND LIMITATIONS**

        Discovery in this action is likely to involve production of confidential, proprietary, or private

information for which special protection may be warranted.  This agreement is consistent with LCR

26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection

it affords from public disclosure and use extends only to the limited information or items that are

STIPULATED PROTECTIVE ORDER - 1
2:19-cv-01745-JLR

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. **CONFIDENTIAL MATERIAL**

Confidential materials may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL TECHNOLOGY," or "CONFIDENTIAL SOURCE CODE."

2.1    <u>CONFIDENTIAL</u> materials may include documents and tangible things that contain non-public business information that is treated confidentially by the producing party in the ordinary course of business and whose disclosure may cause the producing party to be commercially disadvantaged or prejudiced. Some non-exclusive examples of CONFIDENTIAL-materials are: trade secrets, technical information, technical practices, technical methods, know-how, product research, product design, product formulas, product testing, product development, product manufacturing, minutes of confidential board meetings, minutes of confidential officer meetings, minutes of confidential employee meetings, pricing, finances, taxes, sales, profits, costs, licensing agreements, licensing negotiations, customers, customer lists, market projections, market forecasts, strategic plans, and marketing strategies.

2.2    <u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u> materials are limited to materials that qualify as CONFIDENTIAL materials and whose disclosure to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

STIPULATED PROTECTIVE ORDER - 2
2:19-cv-01745-JLR

2.3     HIGHLY CONFIDENTIAL TECHNOLOGY materials are limited to materials that qualify as HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY materials and that consist of or describe a party's highly confidential technologies or methods, not including source code.

2.4     CONFIDENTIAL SOURCE CODE materials are limited to materials that qualify as HIGHLY CONFIDENTIAL TECHNOLOGY materials that contain human-readable programming language text that defines software, firmware, or electronic hardware descriptions and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Examples include, but are not limited to, files containing source code written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages, as well as ".include" files, "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Source code does not include binary executable files and object code files, nor does it include tools such as compilers or linkers.

3.     **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the

STIPULATED PROTECTIVE ORDER - 3
2:19-cv-01745-JLR

public domain or becomes part of the public domain other than as a result of a disclosure by the receiving party in violation of this Order, including through trial.  The protections afforded by this Order also cover and will continue to cover information disclosed in breach of the provisions of this Order.

4.    **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential Technology, and Confidential Source Code material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential Technology, and Confidential Source Code material, when not in the custody of the receiving party's counsel of record, must be stored and maintained by a receiving party at a location in the United States (or at a mutually agreed location) and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 4
2:19-cv-01745-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

(b)     one in house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     no more than three officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     experts and consultants to whom disclosure is reasonably necessary for this litigation and with regard to whom the procedures set forth in Section 4.6 below have been followed;

(e)     the court, court personnel, and court reporters and their staff;

(f)     professional vendors, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     a governmental agency in connection with a request; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions.

4.3     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material only to those persons identified in Sections 4.2(a), (b), and (d)-(i). A party seeking to disclose

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY materials to the one in-house counsel designated pursuant to Section 4.2(b) must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making concerning any matters other than those listed in paragraph 4.4 below.

4.3.1 A party that makes a request and provides the information specified in paragraph 4.3 may disclose the designated material to the identified in-house counsel unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

4.3.2 A party who wishes to challenge the objection from the designator shall meet and confer with counsel for the designating party to attempt to resolve the dispute by telephone conference before bringing the dispute to the Court for resolution.  The parties may use the expedited joint motion procedure of Local Rule 37(a) if all parties and the court agree to such procedure.  Prior to filing a motion, the parties must contact the court in compliance with the scheduling order in this case.  (Dkt. # 31.)

4.4     Disclosure of "HIGHLY CONFIDENTIAL TECHNOLOGY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL TECHNOLOGY material only to those persons identified in Sections 4.2(a), (b), and (d)-(i) pursuant to the terms below.  A party seeking to disclose HIGHLY CONFIDENTIAL TECHNOLOGY materials to the one in-house counsel designated

STIPULATED PROTECTIVE ORDER - 6
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

pursuant to Section 4.2(b) must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making concerning product or technological development or improvement, innovation, and product serviceability, including without limitation, product security and accessibility.

4.4.1 A party that makes a request and provides the information specified in paragraph 4.4 may disclose the designated material to the identified in-house counsel unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

4.4.2 A party who wishes to challenge the objection from the designator shall meet and confer with counsel for the designating party to attempt to resolve the dispute by telephone conference before bringing the dispute to the Court for resolution.  The parties may use the expedited joint motion procedure of Local Rule 37(a) if all parties and the court agree to such procedure.  Prior to filing a motion, the parties must contact the court in compliance with the scheduling order in this case.  (Dkt. # 31.)

4.5     Disclosure of "CONFIDENTIAL SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any CONFIDENTIAL SOURCE CODE material only in accordance with the requirements of Section 11 below and only to those persons identified in Section 4.2(a), (d)-(i), as well as pursuant to the additional terms below.

STIPULATED PROTECTIVE ORDER - 7
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

4.6     <u>Disclosure of and Challenges to Experts or Consultants</u>.  A receiving party seeking to provide CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY, HIGHLY CONFIDENTIAL TECHNOLOGY, or HIGHLY CONFIDENTIAL SOURCE CODE materials to an expert or consultant shall provide the producing party with: (i) a current curriculum vitae for the expert or consultant that includes all expert engagements for the last five years (including the identity of the expert's client and counsel who hired him or her)[1] and a complete professional employment history (including the identity of all employers and the periods of employment), (ii) a disclosure identifying and describing in detail any current or prior relationship with the receiving party (including any party related to or affiliated with the receiving party), and (iii) a copy of the completed and signed copy of Exhibit A.

(a)     After 7 calendar days, the receiving party may make the requested disclosures to the identified expert or consultant unless the producing party makes a written objection from the producing party that sets forth in detail all the factual and legal bases for the objection.

(b)     If a written objection is received, the parties must meet and confer within 7 days to try and resolve the issues raised in the objection.  If no agreement is reached, the parties must contact the court in compliance with the scheduling order in this case prior to filing a motion.  (Dkt. # 31.)  If the court determines a motion is necessary to resolve the dispute, the party objecting to the requested disclosure (the producing party) must file a motion as provided by Local Civil Rule 7 seeking an

JLR

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER - 8
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

appropriate protective order to preserve its objection.  Such a motion must be filed within 14 days of the date of the written objection.  The objecting party (the producing party) bears the burden of proof. If the parties do not contact the court or file a motion as required above, the objection is deemed waived and the receiving party may make the requested disclosures to the identified expert or consultant.

4.7     Filing Confidential Material.   Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A),  to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party's ability to file materials that have been designated as Confidential under this Order is not contingent on the Court granting permission to file them under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The

STIPULATED PROTECTIVE ORDER - 9
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the appropriate designation, for example "CONFIDENTIAL," to each page that contains such material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER - 10
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, any protected testimony, without prejudice to their right to so designate any testimony after reviewing the transcript.  Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL TECHNOLOGY or HIGHLY CONFIDENTIAL-SOURCE CODE.  Until the expiration of thirty days after receiving the transcript of the deposition, counsel shall maintain all information disclosed in the deposition as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (unless designated HIGHLY CONFIDENTIAL TECHNOLOGY or HIGHLY CONFIDENTIAL-SOURCE CODE, in which case the respective designation procedures herein shall apply). If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation,

the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.   Any party or non-party may challenge a designation of confidentiality at any time.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.   The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>.   If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 12
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL TECHNOLOGY," or "CONFIDENTIAL SOURCE CODE" that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER - 13
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

9.      **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

**MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced

material is subject to a claim of privilege or other protection, the obligations of the receiving parties

are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to

modify whatever procedure may be established in an e-discovery order or agreement that provides for

production without prior privilege review.  The parties agree to the entry of a non-waiver order under

Fed. R. Evid. 502(d) as set forth herein.

10.     **TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party

in its discretion must either return or destroy all confidential material to the producing party, including

all copies, extracts and summaries thereof, excluding backed-up copies of emails that may contain

such materials.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all

documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition

and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even

if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a

designating party agrees otherwise in writing or a court orders otherwise.

11.     **TREATMENT OF CONFIDENTIAL SOURCE CODE**

(a)             Any materials designed CONFIDENTIAL SOURCE CODE shall be made

STIPULATED PROTECTIVE ORDER - 14
2:19-cv-01745-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

available for inspection on a computer (the "Source Code Computer") in a format and environment allowing it to be reasonably reviewed and searched during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel of record.  At least three business days' prior notice shall be required for such an inspection.

(b)    The producing party must provide all reasonable software tools on the Source Code Computer that are needed to view and search the source code.

(c)    The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth herein in the first instance. During any source code review session, the receiving party may print limited portions of source code as PDF files to be saved in a designated folder created by the producing party on the Source Code Computer.   The producing party shall provide all such source code requested in paper form, including bates numbers and the label CONFIDENTIAL SOURCE CODE within five business days of receiving a request for paper copies. The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6. Requests for continuous blocks of source code totaling up to 50 pages and requests totaling up to 500 pages of source code are presumed reasonable.  Requests for continuous blocks of source code exceeding 50 pages and requests exceeding 500 total pages of source code are presumed unreasonable.

(d)    The receiving party shall be permitted to make no more than three additional hard copies of any source code produced pursuant to paragraphs (e) and (f) (i.e. shall maintain no more

STIPULATED PROTECTIVE ORDER - 15
2:19-cv-01745-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

than four copies).    Each of these additional copies shall be designated and clearly labeled "CONFIDENTIAL SOURCE CODE," and the receiving party shall maintain a log of all such copies, which it must produce to the producing party upon request.   No other copies of source code shall be made unless otherwise allowed herein;

(e)    If the receiving party's outside counsel or experts obtain source code material in hard copy pursuant to the provisions herein, the receiving party shall ensure that such outside counsel or experts keep the source code material in a secured locked area in the offices of such outside counsel, consultants, or expert.   The receiving party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (e.g., a hotel prior to a Court proceeding or deposition);

(f)    The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.   The receiving party's outside counsel, experts or consultants may create derivative materials using source code, such as an expert's notes. Any such hard copy derivative materials shall be kept in a secured locked area in the offices of such outside counsel, consultants, or expert.   Any such electronic derivative materials shall be kept in a secure, password-protected computer file folder (local or cloud) inaccessible to any person not entitled to access to source code under the terms of this order, The receiving party shall only make additional electronic or paper copies if such additional copies are (1) necessary to prepare court filings, pleadings,

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other individual.

**IT SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated this 24th day of April, 2020

**SAVITT BRUCE & WILLEY LLP**

s/ Stephen C. Willey
Stephen C. Willey, WSBA No. 24499
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Email: swilley@sbwLLP.com

**REED SMITH LLP**
Carla M. Wirtschafter (*pro hac vice*)
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: (310) 734-5200
Email: cwirtschafter@reedsmith.com

Kirsten R. Rydstrom (*pro hac vice*)
Richard A. Graham (*pro hac vice*)
Reed Smith Centre, 225 Fifth Ave
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Email: krydstrom@reedsmith.com
Email: rgraham@reedsmith.com

Gerard M. Donavan (*pro hac vice*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
Telephone: (202) 414-9200
Email: gdonovan@reedsmith.com

**SEED IP LAW GROUP LLP**

s/ Marc C. Levy [*email authorization*]
Russell Tarleton, WSBA No.  17006
Marc C. Levy, WSBA No.  19203
Thomas A. Shewmake, WSBA No.  50765
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
Email: RussT@seedip.com
Email: MarcL@seedip.com
Email: TomShemake@seedip.com

*Attorneys for Defendants*
*Summit Imaging Inc. and Lawrence R.*
*Nguyen*

STIPULATED PROTECTIVE ORDER - 17
2:19-cv-01745-JLR

*Attorneys for Plaintiffs Koninklijke Philips,*
*N.V.; Philips North America LLC; and Philips*
*India, Ltd.*

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Western District of Washington on [date] in the case of

*Philips North America, LLC, Koninklijke Philips N.V., and Philips India, Ltd. vs. Summit Imaging*

*Inc., and Lawrence R. Nguyen, Case No. 2:19-cv-01745-JLR*. I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western

District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 19
2:19-cv-01745-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 30th day of April, 2020.

_____
JAMES L. ROBART
United States District Judge

STIPULATED PROTECTIVE ORDER - 20
2:19-cv-01745-JLR