1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PHILIPS NORTH AMERICA, LLC, et al.,

CASE NO. C19-1745JLR

11

Plaintiffs,

ORDER GRANTING MOTION
TO AMEND AND TO SHOW
CAUSE REGARDING
SCHEDULING

12

v.

13

SUMMIT IMAGING INC., et al.,

14

Defendants.

15
16

Before the court is Defendants Summit Imaging Inc. and Lawrence R. Nguyen's

17

(collectively, "Summit") motion for leave to amend its answer and affirmative defenses.

18

(*See* Mot. (Dkt. # 68); *see also* Reply (Dkt. # 76).)  Plaintiffs Philips North America,

19

LLC, Koninklijke Philips N.V., and Philips India, Ltd.'s (collectively, "Philips") oppose

20

the motion.  (*See* Resp. (Dkt. # 72).)  The court has reviewed the motion, the parties'

21

submissions in support of and in opposition to the motion, the relevant portions of the

22

record, and the applicable law.  Being fully advised, the court GRANTS Summit's

1    motion to amend and ORDERS the parties to show cause regarding the case schedule for

2    Summit's counterclaims.

3    　　Summit seeks leave to add minor factual allegations to a number of Summit's

4    affirmative defenses.  (*See* Prop. Am. Ans. (Dkt. # 68-2) at 23-24, 27-30.)  Summit

5    argues that the purpose of the proposed amendment is to provide "fuller notice" to Philips

6    of the basis of the affirmative defenses at issue.  (*See* Mot. at 2-3.)  Philips objects to the

7    proposed amendment and argues that amendment will prejudice Philips, will result in

8    undue delay, and would be futile.  (*See* Resp. at 3-6.)

9    　　Summit filed its motion to amend on November 5, 2020—three weeks before the

10   expiration of the deadline to amend pleadings.  (2/14/20 Sched. Order (Dkt. # 31).)

11   Accordingly, Federal Rule of Civil Procedure 15 supplies the rule of decision for

12   Summit's motion.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th

13   Cir. 1992).  Under Rule 15, the court should "freely give" leave to amend a pleading

14   "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are used to assess the

15   propriety of a motion for leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to

16   the opposing party, (4) futility of amendment, and (5) whether the party has previously

17   amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)

18   (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

19   　　Pursuant to this liberal standard, the court GRANTS Summit's motion for leave to

20   amend.  The proposed amendments to Summit's affirmative defenses are modest, not

21   prejudicial to Philips, and timely.  The court also sees no evidence of bad faith on

22   Summit's behalf—though Philips's opposition evinces bad faith on Philips's part.  Philips

1   originally offered to stipulate to Summit's amendment if Summit would stipulate to

2   Philips's request to amend the case schedule.  (*See* Reply, Ex. A at 1.)  The court finds

3   that Philips's strenuous opposition to an amendment that it was at one point willing to

4   stipulate to is disingenuous—especially since the court granted Philips's request for an

5   extension to the case schedule.  (*See* 11/5/20 Min. Entry (Dkt. # 69).)  Philips's futility

6   arguments also fail to grasp the high bar that a litigant must clear to establish futility.  To

7   show futility, Philips must show that "no set of facts can be proved under the amendment

8   to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri*

9   *ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-*

10  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Philips has fallen short of clearing that

11  bar.  Finally, the court notes that Summit has not previously amended its answer or

12  affirmative defenses.  (*See generally* Dkt.)  Given that each of the five factors weigh in

13  favor of amendment, the court concludes that leave to amend is warranted under Rule

14  15(a)(2).  *See* Fed. R. Civ. P. 15(a)(2).  The court ORDERS Summit to file its proposed

15  amended answer within seven days of the filing date of this order.

16       As a result of this order and the court's order granting in part and denying in part

17  Summit's counterclaims (*see* 11/17/20 Order (Dkt. # 73)), the pleadings in this case will

18  finally be set once Summit files its amended answer and affirmative defenses.

19  Additionally, given that the court denied in part Philips's motion to dismiss Summit's

20  antitrust counterclaims, the stay that the court imposed on Summit's antitrust discovery

21  //

22  //

1    requests is no longer in effect.[1]  (*See* 9/14/20 Min. Entry (Dkt. # 58).)  Thus, the path is

2    now clear for the parties to prepare this case for trial, which is currently set for July 19,

3    2021.  (Am. Sched. Order (Dkt. # 71).)

4            The court recognizes, however, that the court had not yet ruled on Philips' motion

5    to dismiss Summit's antitrust counterclaims during the prior scheduling conference in

6    this matter.  Additionally, when the court granted Philips' request to stay this case

7    pending resolution of the motion to dismiss the antitrust counterclaims, the court

8    informed Summit that it would consider requests to alter the case schedule in the event

9    the stay was eventually lifted.  Accordingly, the court ORDERS the parties to meet and

10   confer and then show cause regarding whether the parties can prepare the antitrust

11   counterclaims for trial under the current trial schedule and, if not, whether the court

12   should bifurcate the counterclaims from Philips' claims under Rule 42(b) and schedule a

13   separate trial for those counterclaims.  *See* Fed. R. Civ. P. 42(b).  The court also

14   specifically directs Philips to inform the court as to its plan to respond to Summit's

15   discovery requests in a timely matter.

16           The court ORDERS the parties to meet and confer regarding discovery on

17   Summit's antitrust counterclaims and the scheduling issues outlined above within seven

18   days of the filing date of this order and ORDERS the parties to respond to this order and

19   show cause within 14 days of the filing date of this order.  The parties' responses shall

20   not exceed six pages in length.  There shall be no replies unless the court orders

21

22           [1] As the court advised Philips during the telephonic discovery hearing, the court expects
     Philips to respond to discovery promptly now that the stay has been lifted.

1   otherwise.  The court advises the parties that its patience with their tit-for-tat litigation

2   tactics is quickly growing thin.  As such, the court encourages the parties to make a good

3   faith effort to agree on an approach for resolving the counterclaims that balances the

4   court's interest in judicial efficiency with the parties' interests in fully and fairly litigating

5   the counterclaims.

6          In conclusion, Summit's motion to amend (Dkt. # 68) is GRANTED.  Summit

7   shall file its proposed amended answer within seven days of the filing date of this order.

8   The court also ORDERS the parties to meet and confer within seven days of the filing

9   date of this order, and ORDERS the parties to respond to this order and show cause

10  within 14 days of the filing date of this order.

11         Dated this 23rd day of November, 2020.

12

13

14  JAMES L. ROBART
    United States District Judge

15

16

17

18

19

20

21

22