UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUMMIT IMAGING INC., et al., <br><br> Defendants. | CASE NO. C19-1745JLR <br><br> ORDER BIFURCATING AND STAYING ANTITRUST COUNTERCLAIMS |

On November 23, 2020, the court instructed the parties to show cause on whether the court should bifurcate Defendants Summit Imaging Inc. and Lawrence R. Nguyen's (collectively, "Summit") counterclaims from Plaintiffs Philips North America, LLC, Koninklijke Philips N.V., and Philips India, Ltd.'s (collectively, "Philips") claims under Federal Rule of Civil Procedure 42(b).  (11/23/20 Order (Dkt. # 77) at 4-5.)  Both parties responded.  (Pls. Resp. (Dkt. # 88); Defs. Resp. (Dkt. # 89).)  Since the court's order, Summit has also submitted its amended answer.  (Am. Ans. (Dkt. # 83).)  The court has

ORDER - 1

considered the above materials and the relevant law.  Being fully advised, the court BIFURCATES Summit's first and second counterclaims brought under the Sherman Antitrust Act and STAYS those counterclaims pending resolution of Philips's claims.

A district court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b), which states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of . . . counterclaims." Fed. R. Civ. P. 42(b).  The decision to bifurcate is in the sound discretion of the trial court. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  Courts weigh several factors, including convenience, prejudice, and judicial economy.  *Bowoto v. Chevron Corp.*, No. C99-02506SI, 2008 WL 2074401, at *1 (N.D. Cal. May 15, 2008). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).  Accordingly, courts commonly bifurcate antitrust counterclaims that are contingent upon resolution of the main case. *See Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013).

Both parties submit that bifurcation and stay of the antitrust counterclaims here promotes convenience and judicial economy.[1] (*See* Pls. Resp. at 2-3; Defs. Resp. at 1-2.) As amended, Summit's antitrust counterclaims are conditional on Philips's success on its

//

---

[1] Philips maintains that Summit is "suggesting that [the antitrust counterclaims] should proceed, on a separate trial schedule, in parallel with Philips's claims." (Pls. Resp. at 2.)  But Summit agrees that the conditional antitrust counterclaims "should be bifurcated and those claims stayed until after the outcome of Philips'[s] claims." (Defs. Resp. at 1.)  Thus, the parties seem to have misunderstood each other's positions and created disagreement where none existed.

claims.  (Am. Ans. ¶¶ 48, 52, 56-57, 58-61.)  Thus, resolution of Philips's claims could be dispositive of Summit's antitrust counterclaims.  The court agrees with both parties and accordingly bifurcates and stays Summit's antitrust counterclaims pending the resolution of Philips's claims.

The parties also submit that Summit's third counterclaim of copyright misuse should not be bifurcated.[2]  (Pls. Resp. at 4; Defs. Resp. at 2-6.)  The court again agrees.  Because the copyright misuse counterclaim has substantial overlap with the copyright misuse affirmative defense and Philips's copyright-related claims, bifurcation would not serve convenience or judicial efficiency.  Both parties, however, include unrelated arguments on purported discovery disputes related to the copyright misuse counterclaim.  (Pls. Resp. at 5; Defs. Resp. at 5.)  The court reminds the parties that a response on bifurcation is not the appropriate vehicle to bring or argue discovery disputes.

Accordingly, the court BIFURCATES Summit's first and second counterclaims under the Sherman Antitrust Act and STAYS those counterclaims pending the resolution of Philips's claims.

Dated this 16th day of December, 2020.

JAMES L. ROBART
United States District Judge

---

[2] Again, the parties seem to misunderstand each other.  Summit represents that "Philips has taken the position that the [c]opyright [m]isuse [c]laim should also be bifurcated."  (Defs. Resp. at 2.)  But Philips "proposes bifurcation of the 'conditional' antitrust counterclaims—and not the third misuse counterclaim."  (Pls. Resp. at 4.)