UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIPS NORTH AMERICA, LLC, et al., | CASE NO. C19-1745JLR |
| Plaintiffs, | ORDER GRANTING MOTION TO AMEND |
| v. | |
| SUMMIT IMAGING INC., et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Plaintiffs Philips North America, LLC, Koninklijke Philips

N.V., and Philips India, Ltd.'s (collectively, "Philips") motion for leave to amend their

complaint.  (MTA (Dkt. # 80).)  Defendants Summit Imaging Inc. and Lawrence R.

Nguyen (collectively, "Summit") oppose the motion.  (Resp. (Dkt. # 90).)  The court has

reviewed the motion, the parties' submissions in support of and in opposition to the

motion, the relevant portions of the record, and the applicable law.  Being fully advised,

ORDER GRANTING MOTION TO AMEND - 1

1  the court GRANTS Philips's motion to amend.  Philips must file its third amended

2  complaint (Proposed TAC (Dkt. # 80-1)) within seven (7) days of this order.

3                          **II.     BACKGROUND**

4          The court has detailed the factual and procedural background of this matter in

5  several previous orders and thus reviews only the pertinent facts here.  (*See, e.g.*, 3/30/20

6  Order (Dkt. # 35); 11/16/20 Order (Dkt. # 73); 11/23/20 Order (Dkt. # 77); 12/16/20

7  Order (Dkt. # 94).)  Philips brought suit alleging that Summit hacks into Philips's

8  ultrasound systems to enable features or options for which customers have not paid.  (*See*

9  *generally* SAC (Dkt. # 36).)  Discovery is ongoing, and both parties have requested and

10 produced information on two specific ultrasound systems, the iE and iU systems, as well

11 as the Boris software platform that those systems utilize.  (MTA at 2-3; Resp. at 6; Reply

12 (Dkt. # 96) at 2-4.)  On November 6, 2020, the parties unearthed a new dispute over

13 whether the iE and iU systems are included in this suit.  (Levy Decl. (Dkt. # 91) ¶¶ 11-12

14 & Exs. I-J.)  On November 25, 2020, Philips moved for leave to amend its complaint to

15 add allegations to three of its paragraphs to make clear that the iE and iU ultrasound

16 systems as well as the corresponding Boris software platform are encompassed within the

17 claims.  (*See* Proposed TAC ¶¶ 23, 29, 31.)

18                          **III.    ANALYSIS**

19         The parties are familiar with the law behind amendment because of Summit's

20 previous bid to amend its answer, which Philips "strenuous[ly]" opposed.  (11/23/20

21 Order at 3.)  Because Philips filed its motion on the deadline to amend pleadings (11/5/20

22 Sched. Order (Dkt. # 71)), Federal Rule of Civil Procedure 15 supplies the rule of

1   decision.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

2   Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so

3   requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are considered:  (1) bad faith, (2) undue

4   delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the

5   party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367,

6   373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th

7   Cir. 1989)).  The third factor of prejudice is the "touchstone of the inquiry."  *Eminence*

8   *Capital, LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden is on the

9   party opposing amendment to show that amendment is not warranted.  *Wizards of the*

10  *Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

11         Summit opposes amendment under four of the five factors, arguing that there is

12  substantial prejudice, undue delay, bad faith, and that this is Philips's third amendment.[1]

13  (Resp. at 9.)  The court disagrees.  Beginning with the "touchstone of the inquiry," the

14  court does not find sufficient prejudice to weigh against amendment.  The record evinces

15  that much of the discovery related to the iE and iU systems has already been produced,

16  and Philips maintains that the amendments will not "expand discovery or document

17  production."  (Reply at 1-3 ("[T]he proposed amendments will not require [Summit] to

18  search for or produce additional documents.").)  Moreover, the parties have almost three

19  months to complete discovery if necessary.  (*See* 11/5/20 Sched. Order.)  Under these

20  circumstances, the prejudice factor favors amendment.  *See Cent. Freight Lines, Inc. v.*

21

22        [1] Summit does not challenge futility (*see* Resp.), and the court finds that Philips's
    proposed amendments are not futile.

1   *Amazon Fulfillment Servs.*, No. C17-0814JLR, 2019 WL 1115257, at *3 (W.D. Wash.

2   Mar. 11, 2019) (finding no prejudice with two months of discovery left).

3          Summit's objections regarding prejudice boil down to the fact that Philips has not

4   fully produced the Boris source code and thus, Summit's experts may not have time to

5   inspect the code by the expert disclosure deadline.  (Resp. at 11-12.)  However, Philips

6   represents that much of the Boris source code is contained within another source code

7   that was produced for expert inspection in May 2020, and that the outstanding Boris

8   source code "will be available for inspection shortly."  (Reply at 4.)  The court agrees that

9   Summit has "no way of knowing" the degree of overlap between what has and has not

10  been produced (*see* Resp. at 12), but given Philips's assurances—about both the lack of

11  need for additional discovery and the details regarding the outstanding Boris source

12  code—Summit would not be prejudiced such that the court should contravene the policy

13  of liberally granting leave to amend.

14         The court also finds no undue delay or bad faith.  Undue delay looks at (1) the

15  length of the delay from when the moving party obtained relevant facts; (2) whether

16  discovery has closed; and (3) proximity to trial.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,

17  798-99 (9th Cir. 1991).  Philips was not aware of the dispute over the iE and iU systems

18  until early November and filed this motion less than a month afterwards.  (Levy Decl.

19  ¶¶ 11-12 & Exs. I-J; MTA.)  Discovery remains open, and trial is seven months away.

20  (11/5/20 Sched. Order.)  Summit insists that Philips should have known about the dispute

21  "almost three months" ago (Resp. at 11), but even if that were true, three months does not

22  constitute undue delay, especially when discovery has not yet closed, *see Intellicheck*

1    *Mobilisa, Inc. v. Honeywell Int'l Inc.*, No. C16-0341JLR, 2017 WL 3772708, at *2 (W.D.

2    Wash. Aug. 30, 2017).  Furthermore, Summit presents no evidence that Philips "act[ed]

3    with intent to deceive, harass, mislead, delay, or disrupt."  *See Wizards of the Coast*, 309

4    F.R.D. at 651.  Thus, there is no bad faith on Philips's part that would counsel denial of

5    leave to amend.

6         Summit is correct that Philips has previously amended its complaint.  (*See* Resp. at

7    9.)  A district court's discretion to deny amendment is "particularly broad" when a

8    plaintiff has already had one or more opportunities to amend.  *Ascon Props.*, 866 F.2d at

9    1160.  But previous amendments are not dispositive.  *See Wizards of the Coast*, 309

10   F.R.D. at 654.  Here, Philips has amended its complaint once with Summit's consent and

11   again at the direction of the court.  (Stip. (Dkt. # 22); Am. Compl. (Dkt. # 23); 3/30/20

12   Order at 21; SAC (Dkt. # 36).)  The court finds that the previous amendments here do not

13   outweigh the other factors that favor amendment.  Because the court should freely grant

14   leave to amend under Rule 15(a)(2), and Summit establishes neither prejudice nor a

15   strong showing of any other factor, the court grants Philips's motion for leave to amend.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

ORDER GRANTING MOTION TO AMEND - 5

1

## IV.  CONCLUSION

2          For the foregoing reasons, the court GRANTS Philips's motion for leave to file a

3   third amended complaint (Dkt. # 80) and authorizes Philips to file a third amended

4   complaint in the form attached as Exhibit 1 to the motion (Dkt. # 80-1) within seven (7)

5   days of the entry of this order.

6          Dated this 23rd day of December, 2020.

7

8   _____

9   JAMES L. ROBART
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22