1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PHILIPS NORTH AMERICA LLC,
et al.,

                  Plaintiffs,

      v.

SUMMIT IMAGING INC., et al.,

                  Defendants.

CASE NO. C19-1745JLR

ORDER ON MOTIONS TO SEAL

11
12
13
14
15
16

## I.   INTRODUCTION

Before the court are three motions to seal filed by Plaintiffs Philips North

America, LLC, Koninklijke Philips N.V., and Philips India, Ltd.'s (collectively,

"Philips") and Defendants Summit Imaging Inc. and Lawrence R. Nguyen (collectively,

"Summit"):  (1) Philips's motion to seal documents filed in support of its motion for

partial summary judgment and motions to exclude (Philips MTS (Dkt. # 134)); (2)

Summit's motion to seal its motion for summary judgment (Summit 1st MTS (Dkt.

17
18
19
20
21
22

# 181); and (3) Summit's motion to seal documents filed in support of its motion to exclude (Summit 2d MTS (Dkt. # 136)).  Neither party opposes the sealing of any of the documents designated as confidential by the other party.  (*See* Summit 1st MTS at 2-3 (taking "no position" towards Philips's documents); Summit 2d MTS at 3 (same); Philips MTS Resp. (Dkt. # 195); Summit MTS Resp. (Dkt. # 193).)  The court has considered the motions, the submissions concerning the motions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS Philips's motion to seal and Summit's motion to seal documents filed in support of its motion to exclude.  It additionally GRANTS in part Summit's motion to seal documents filed in support of its motion for summary judgment with the exception of three documents.

## II.     BACKGROUND

On April 5, 2021, the parties each filed dispositive motions and various motions to exclude.  (*See generally* Dkt.)  Philips additionally moved to seal its motion for partial summary judgment; its three motions to exclude; and various documents filed in support of the four motions.  (Philips MTS at 1.)  Summit moved to seal its motion for summary judgment; its motion to exclude; and various documents filed in support of both motions. (Summit 1st MTS at 1; Summit 2d MTS at 1-2.)  Both parties move to seal documents that had been designated confidential pursuant to their stipulated protective order.

//

//

---

[1] No party requests oral argument (*see* Philips MTS at 1; Summit 1st MTS at 1; Summit 2d MTS at 1; Philips MTS Resp. at 1; Summit MTS Resp. at 1), and oral argument would not be helpful to the disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1    (Philips MTS at 2-3; Summit 1st MTS at 3-5; Summit MTS Resp. at 1, App. A; *see also*

2    Protective Order (Dkt. # 40).)

3                              **III.   ANALYSIS**

4          When deciding a motion to seal, courts "start with a strong presumption in favor

5    of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

6    (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  This

7    presumption, however, "is not absolute and can be overridden given sufficiently

8    compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist.*

9    *Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  The standard for

10   determining whether to seal a record depends on the filing to which the sealed record is

11   attached.  *See id.* at 1136-37.  Because the sealed documents at issue here are attached to

12   motions that are "more than tangentially related to the merits of [this] case," the court

13   applies the compelling reasons standard to determine if sealing is appropriate.  *See Ctr.*

14   *for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

15         Under the compelling reasons standard, the party seeking to seal a judicial record

16   bears the burden of showing that "compelling reasons supported by specific factual

17   findings . . . outweigh the general history of access and the public policies favoring

18   disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.

19   2006).  If a court decides to seal a record, it must "base its decision on a compelling

20   reason and articulate the factual basis for its ruling."  *Id.* at 1179 (quoting *Hagestad*, 49

21   F.3d at 1434).  The final determination of what constitutes a compelling reason is "best

22   left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 599 (1978).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets."  *Id.* (quoting *Nixon*, 435 U.S. at 598).

Trade secrets can be "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *6 (W.D. Wash. Mar. 18, 2019).  Proprietary business information that "if released to the public, has the potential to harm the parties' positions in the industry" has been found to satisfy the compelling reason standard.  *BitTitan, Inc. v. Skykick, Inc.*, No. C15-0754RSM, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015).  Similarly, technical documents that "describe the components and internal operations" of proprietary technology have also been kept under seal when they contain "business and proprietary interests that would harm" the entity if publicly disclosed.  *Genuine Enabling Tech. LLC. v. Nintendo Co., Ltd.*, No. C19-0351RSM, 2020 WL 4366181, at *1-2 (W.D. Wash. July 30, 2020).

Additionally, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g).  *See* Local Rules W.D. Wash. LCR 5(g).  Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal."  *Id.* LCR

//

5(g)(3)(A).  The party seeking to seal the documents must also explain the bases for requiring the relief.  *Id.* LCR 5(g)(3)(B).

The court finds that the parties have met and conferred pursuant to Local Rule 5(g) and that there are compelling reasons to seal the documents at issue.  The documents that the parties seek to maintain under seal contain the parties' confidential and proprietary source code or trade secrets; technical documents that describe internal operations of the parties' technology and procedures; and business documents that contain proprietary financial or accounting information.  (*See* Philips MTS at 1; Summit 1st MTS at 1; Philips MTS Resp. at 1-2; Summit MTS Resp. at App. A (listing documents).)  The court agree with the parties that the release of such information would potentially harm the parties' position in the industry.  *See Wetzel*, 2019 WL 1236859, at *6.  Moreover, neither party opposes the sealing of the other's identified documents.  (*See* Summit 1st MTS at 2-3 (taking "no position" towards Philips's documents); Summit 2d MTS at 3 (same); Philips MTS Resp.; Summit MTS Resp.)

However, Philips has identified three documents erroneously identified as confidential.  (Summit MTS Resp. at 1 n.1 (citing Shewmake Decl. (Dkt. # 163) ¶ 25, Ex. W; *id.* ¶ 27, Ex. Y; *id.* ¶ 30, Ex. BB).)  Summit has no objection to unsealing those documents.  (Summit MTS Reply (Dkt. # 217) at 1.)  Accordingly, the court GRANTS the parties' motions with the exception of the three documents found at docket numbers 163-15 (Ex. W), 163-17 (Ex. Y) and 163-19 (Ex. BB).

//

//

# IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Philips's motion to seal (Dkt. # 134) and Summit's motion to seal documents filed in support of its motion to exclude (Dkt. # 136).  The court DIRECTS the Clerk to maintain the seal on all documents identified within those two motions.  The court additionally GRANTS in part Summit's motion to seal documents filed in support of its motion for summary judgment (Dkt. # 181).  The court DIRECTS the Clerk to remove the seal on Exhibits W, Y and BB to the declaration of Thomas Shewmake (Dkt. # 163).  All other documents shall remain under seal as filed.

Dated this 27th day of April, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 6