UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUMMIT IMAGING INC., et al.,<br><br>Defendants. | CASE NO. C19-1745JLR<br><br>ORDER ON MOTIONS TO SEAL |

## I. INTRODUCTION

Before the court are four motions to seal: (1) Plaintiffs Philips North America, LLC, Koninklijke Philips N.V., and Philips India, Ltd.'s (collectively, "Philips") motion to seal documents filed in support of its reply to the motion to exclude Drew Voth (MTS Voth Reply (Dkt. # 218)); (2) Philips's motion to seal documents filed in support of its opposition to Defendants Summit Imaging Inc. and Lawrence R. Nguyen's (collectively, "Summit") motions to exclude and for summary judgment (MTS Resp. (Dkt. # 245)); (3)

ORDER - 1

1 Summit's motion to seal documents filed in support of its surreply (MTS Surreply (Dkt. # 278)); and (4) Summit's motion to seal its reply to its motion for summary judgment (MTS Reply (Dkt. # 291)).  Neither party opposes the sealing of any of the documents designated as confidential by the other party.  (MTS Surreply at 2 (taking "no position" towards Philips's documents); MTS Voth Reply at 1-2; Resp. (Dkt. # 304) at 3.)  The court has considered the motions, the submissions concerning the motions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS the motions.

## II. BACKGROUND & ANALYSIS

The parties have submitted various briefing on their motions to exclude and their motions for summary judgment.  (*See generally* Dkt.)  As part of this briefing, the parties filed or referenced documents that both parties had designated as confidential pursuant to the parties' stipulated protective order.  (MTS Voth Reply at 1; MTS Resp. at 1-2, App. A (listing documents); MTS Surreply at 1; MTS Reply at 1; *see also* Protective Order (Dkt. # 40).)  The court previously granted the parties' motions to seal documents filed in support of other briefing.  (*See* 4/27/21 Order (Dkt. # 277); 5/4/21 Order (Dkt. # 301).)

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

//

//

---

[1] No party requests oral argument (*see* MTS Voth Reply at 1; MTS Resp. at 1; MTS Surreply at 1; MTS Reply at 1; Resp. at 1), and the court finds that oral argument would not be helpful, *see* Local Rules W.D. Wash. LCR 7(b)(4).

(9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached. *See id.* at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598).

//

Trade secrets can be "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *6 (W.D. Wash. Mar. 18, 2019). Proprietary business information that "if released to the public, has the potential to harm the parties' positions in the industry" has been found to satisfy the compelling reason standard. *BitTitan, Inc. v. Skykick, Inc.*, No. C15-0754RSM, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015). Similarly, technical documents that "describe the components and internal operations" of proprietary technology have also been kept under seal when they contain "business and proprietary interests that would harm" the entity if publicly disclosed. *Genuine Enabling Tech. LLC. v. Nintendo Co., Ltd.*, No. C19-0351RSM, 2020 WL 4366181, at *1-2 (W.D. Wash. July 30, 2020).

Additionally, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

The court finds that the parties have met and conferred pursuant to Local Rule 5(g), (MTS Voth Reply at 2; MTS Resp. at 3; MTS Surreply at 1; MTS Reply at 1), and that there are compelling reasons to seal the documents at issue. The documents that the

parties seek to maintain under seal fall into three categories: (1) documents containing the parties' confidential and proprietary source code or trade secrets; (2) technical documents that describe internal operations of the parties' technology and procedures; and (3) business documents that contain proprietary financial information or strategic planning information that would harm the parties' positions in the industry if revealed. (MTS Resp. at 4, App. A; MTS Surreply at 4; Resp. at 1-3; 4/28/21 Nguyen Decl. (Dkt. # 279) ¶¶ 3-4; 5/10/21 Nguyen Decl. (Dkt. # 305) ¶¶ 3-5.) Some of this material is already filed under seal pursuant to the court's previous orders. (MTS Reply at 1; *see* 4/27/21 Order.) The court agrees that the release of such information would potentially harm the parties' positions. *See Wetzel*, 2019 WL 1236859, at *6. Moreover, neither party opposes the sealing of the other's identified documents. (MTS Surreply at 2; MTS Voth Reply at 1-2; Resp. at 3.) Accordingly, the court GRANTS the motions to seal.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS the motions to seal (Dkt. ## 218, 245, 278, 291). The court DIRECTS the Clerk to maintain the seal on all documents identified within those motions.

Dated this 11th day of May, 2021.

JAMES L. ROBART
United States District Judge